Document Number 208
Case Number 02-CR-0027-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
05/10/2005 09:46:36 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

BERNARD BRISCO,

               Defendant.

OPINION AND ORDER

05-C-0139-C
02-CR-0027-C-02

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on March 14, 2005, I denied defendant's motion for post-conviction relief in all respects except as to two claims: (1) his court-appointed counsel had given him constitutionally ineffective advice about accepting a plea agreement; and (2) some of the prior convictions on which his enhanced sentence was based were invalid because the courts had not told him of his right to have counsel appointed to appeal the convictions. Defendant has filed objections to the order, together with two "clarifications" relating to his two remaining claims.

      Although most of defendant's objections to the March 14 order are simply re-arguments of issues he raised in his initial motion, he is correct in pointing out that I failed

1

to address his motion to amend and supplement his petition to add a claim that he was denied the effective assistance of counsel when his counsel did not object to the government's failure to prove that the controlled substance was crack cocaine and not another form of cocaine base. Defendant's motion to amend is timely and will be granted.

Defendant bases his new claim on a recent decision by the Court of Appeals for the Seventh Circuit, <u>United States v. Edwards</u>, 397 F.3d 570 (7th Cir. 2005), in which the court held that the statutory penalties applicable to crimes involving cocaine base set out in 21 U.S.C. § 841(b)(1)(A)(iii) apply only to the form of cocaine base that is defined as crack cocaine under § 2D1.1(c) of the Sentencing Guidelines. Defendant argues that his conviction is invalid under <u>Edwards</u> because the indictment charged him with distributing cocaine base without specifying that the cocaine base was crack cocaine and the jury did not make a specific finding that his crime involved the crack form of cocaine.

It is not necessary to decide whether defendant's view of <u>Edwards</u> is correct because defendant's sentence does not depend solely on his conviction for distribution of cocaine base. Defendant was charged with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 5 kilograms of cocaine, more than 50 grams of cocaine base and a quantity of marijuana and he was found guilty of the conspiracy. The jury made explicit findings that the conspiracy involved more than 5 kilograms of cocaine and more than 50 grams of cocaine base. Once the jury found that the conspiracy had

involved more than 5 kilograms of cocaine, defendant faced a penalty of mandatory life imprisonment under § 841(b)(1)(A) because he had two previous felony drug convictions. The jury finding that he had delivered more than 50 grams of cocaine base did not have any effect upon his sentence.

I turn next to defendant's claim that his enhanced sentence was based upon prior felony drug convictions that were invalid. In the March 14 order, I allowed defendant an opportunity to gather more information about this claim. In doing so, I overlooked Daniels v. United States, 532 U.S. 374 (2001), in which the Supreme Court held that a federal prisoner may not attack a predicate state conviction through a § 2255 motion unless the state conviction was obtained in violation of the right to appointed counsel. Now the United States Supreme Court has held in Johnson v. United States, 125 S. Ct. 1571 (2005), that a federal prisoner may proceed under § 2255 after he has been successful in overturning a prior state conviction, even if he cannot bring the § 2255 motion until more than a year after his federal conviction has become final. For the purpose of determining timeliness, the one-year period of limitations for filing a § 2255 motion starts running on the day that the petitioner receives notice that his state sentence has been vacated, provided that the petitioner can show he exercised due diligence in obtaining the vacation of the relevant state court conviction. Id. at 1582.

If defendant believes that he can obtain a vacation of enough of his prior state

3

convictions to affect his federal sentence, he must take the necessary steps in state court to have those convictions overturned. He cannot attack them in this proceeding. Whether he can bring a new § 2255 motion in the event he succeeds in getting the convictions overturned is a question that need not be decided at this time.

This leaves only defendant's claim that he was denied the effective assistance of counsel when neither of his two appointed counsel told him that if he went to trial, he might face a term of life imprisonment without parole or that any sentence less than life that he received would not include parole. Defendant acknowledges that he had been convicted at least four times before his arrest in this case and that he had served time in state prisons, but he says that in each of those cases he served less than 40% of the maximum term before being paroled.

In the March 14 order, I stated that I found it preposterous for defendant to assert that he would have pleaded guilty had he received better advice, given what I knew of defendant's rejection of other advice he received from his lawyers. I concluded that it was unnecessary to consider the issue because defendant had not filed an affidavit setting forth with specificity exactly what his lawyers told him and what kind of plea agreement the government offered him. In response to the order, defendant has filed a "clarification," consisting of a visitation summary report from the Dane County jail, showing 5 visits from his first lawyer and 18 visits from the lawyer who replaced the first lawyer. The visitation

4

summary refutes the statement defendant made in his brief in support of his post-conviction motion that his first attorney made "perhaps two visits." Moreover, it does not supply the detail defendant was ordered to submit. It is understandable that defendant might not be able to remember which of the 23 visits he had with counsel involved discussions about the maximum sentence he might receive, but it is dubious to the point of incredibility that two experienced and skilled lawyers told defendant he was looking at a maximum sentence of 40 years. The statute makes it explicit: the maximum sentence for any one of the crimes charged against defendant is 20 years without a prior felony drug conviction, as much as life with one prior felony drug conviction and mandatory life with two prior felony drug convictions. As defendant admits in his brief, his second attorney read defendant each charge in the indictment and matched it with the amount of prison time each charge carried. If this is true, it makes it even more unlikely that he was told about a 40-year term; none of the charges carries a term of 40 years.

The more notable omission from defendant's submissions is any evidence of a plea offer from the government. In his brief, defendant says that his second attorney told him that "possibly he [counsel] could make a deal for as little as 18 years, and certainly no more than 20 years, if [defendant] pleaded guilty." Dft.'s Mem. of Fact and Law, dkt. #198, at 20. Defendant does not say that the government ever made such an offer. I conclude that he has failed to adduce enough evidence on this claim to go forward on it.

5

Defendant points out correctly in his objections that the number of grounds identified in the March 14 order is only eight, plus the catchall "cumulative effect" claim, not ten plus one. None of his other objections require any additional discussion beyond that contained in the March14 order.

ORDER

IT IS ORDERED that defendant Bernard Brisco's motion to amend his motion to add a claim that he was denied the effective assistance of counsel when his attorney failed to argue that defendant could not be sentenced as if he had distributed crack cocaine is GRANTED; the claim is DENIED on its merits, along with defendant's claims that his counsel provided ineffective assistance when they did not give him all the information he needed in order to decide whether to plead guilty and that the court erred in enhancing his sentence on the basis of his state court convictions because those sentences were constitutionally invalid. FURTHER, IT IS ORDERED that defendant's motion for post-conviction relief, filed pursuant to 28 U.S.C. § 2255, is DENIED in its entirety.

Entered this 9th day of May, 2005.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7